CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 15 2009

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL D. DAROCHA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:09 cv 00183 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JOHNNY G. GUILLIAMS, ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

The plaintiff, Michael D. Darocha, proceeding pro se, filed this action against the defendant, Johnny G. Guilliams, on May 15, 2009. The court granted the plaintiff's contemporaneously filed motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). After reviewing the complaint filed in this matter, however, the court believes that the action must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## Background

The plaintiff's complaint alleges that he went to the defendant's residence on May 12, 2009 to inspect a truck that the defendant had advertised for sale in the local newspaper for "$7,500.00/best offer." During his personal inspection of the truck, the plaintiff noticed two defective rear shock absorbers and a defect in the truck's defroster. Nonetheless, the plaintiff offered to purchase the truck for $6,800.00 on the condition that the defendant would have the vehicle inspected, and the plaintiff alleges that the defendant verbally accepted the plaintiff's offer. The plaintiff further alleges that, despite the parties' verbal agreement, the defendant ultimately sold the truck for $7,495.00, presumably to someone other than the plaintiff.

Based on the foregoing allegations, the plaintiff has filed this action against the defendant for "breach of contract." The plaintiff lists the "amount of suit" as "$000.00."

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-657 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## Discussion

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Having reviewed the plaintiff's complaint, the court is constrained to conclude that it must be dismissed for lack of subject matter jurisdiction. The plaintiff has failed to allege any

2

violation of federal law which might support federal question jurisdiction under 28 U.S.C. § 1331, and the court is unable to make any inference as to a possible violation of federal law based upon the language of the complaint. See 28 U.S.C. § 1331 (limiting jurisdiction to claims "arising under the Constitution, laws or treaties of the United States"). Furthermore, the plaintiff's complaint fails to invoke the court's diversity jurisdiction under 28 U.S.C. § 1332, since it does not satisfy the threshold amount in controversy requirement. See 28 U.S.C. § 1332(a) (providing that the matter in controversy must exceed the sum or value of $75,000).

## Conclusion

For the foregoing reasons, the court concludes that the instant action must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure. Such dismissal shall be without prejudice.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 15th day of May, 2009.

_____
United States District Judge

3